JOSHUA S. GOODMAN, ESQ. - State Bar #116576
ZACHARY S. TOLSON, ESQ. - State Bar #242824
JENKINS GOODMAN NEUMAN & HAMILTON LLP
417 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 705-0400
Facsimile: (415) 705-0411

Attorneys for Defendant
HOME DEPOT U.S.A., INC. and
TRICAM INDUSTRIES, INC.

UNITED STATE DISTRICT COURT FOR

THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN GLORIA,<br><br>                    Plaintiff,<br><br>vs.<br><br>HOME DEPOT, INC., TRICAM INDUSTRIES, et al.<br><br>                    Defendants. | Civil Action No. C 08-01672 RS<br><br>**TRICAM INDUSTRIES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |

### ANSWER

PLEASE TAKE NOTICE that Defendant TRICAM INDUSTRIES, INC. ("TRICAM"), erroneously sued herein as TRICAM INDUSTRIES by and through its counsel, hereby answer Plaintiff's Complaint as follows:

### GENERAL ALLEGATIONS

1.  In response to the allegations in Paragraph 5(a) of the Complaint, TRICAM admits that HOME DEPOT it is not a natural person and that HOME DEPOT is a CORPORATION.

2.  In response to the allegations in Paragraph 5(b) of the Complaint, TRICAM admits that TRICAM is not a natural person and that TRICAM is a CORPORATION.

3.  In response to the allegations in Paragraphs 6(a) and (b) of the Complaint, TRICAM

lacks information or belief sufficient to enable it to admit or deny that the true names of Defendants sued as Does are unknown to Plaintiff and on that basis denies that allegation.

4. In response to the allegations in Paragraph 8 of the Complaint, TRICAM lacks information or belief sufficient to enable it to admit or deny that the injury or damage to personal property occurred in the jurisdiction area of the Santa Clara County Superior Court and on that basis denies that allegation.

5. In response to the allegations in Paragraph 9 of the Complaint, TRICAM lacks information or belief sufficient to enable it to admit or deny that Plaintiff either was required to or did comply with a claims statute and on that basis denies that allegation.

6. In response to the allegations in Paragraph 11 of the Complaint, TRICAM lacks information or belief sufficient to enable it to admit or deny that the Plaintiff suffered wage loss, hospital and medical expenses, general damages and loss of earning capacity and on that basis denies that allegation.

## FIRST CAUSE OF ACTION
### GENERAL NEGLIGENCE

7. In response to the allegations in the First Cause of Action for General Negligence of the Complaint, TRICAM denies that HOME DEPOT and TRICAM were the legal (proximate) cause of damage to Plaintiff.

The allegation that HOME DEPOT and TRICAM committed acts that negligently caused damage to Plaintiff is not a factual allegation.

TRICAM lacks information or belief sufficient to enable it to admit or deny that the Plaintiff suffered damages on September 9, 2006 at or around 59 Great Oaks Blvd., San Jose, CA, and on that basis denies that allegation.

TRICAM lacks information or belief sufficient to enable it to admit or deny that Plaintiff KEVIN GLORIA used a ladder purchased by his employer from HOME DEPOT and on that basis denies the allegation.

TRICAM lacks information or belief sufficient to enable it to admit or deny that the ladder allegedly used by KEVIN GLORIA was manufactured by TRICAM and on that basis denies the

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-2-
TRICAM'S ANSWER TO COMPLAINT

allegation.

TRICAM lacks information or belief sufficient to enable it to admit or deny that Plaintiff was working on private property located at 59 Great Oaks Blvd. in the City of San Jose County of Santa Clara while using a ladder purchased from HOME DEPOT by his employer and on that basis denies the allegation.

TRICAM lacks information or belief sufficient to enable it to admit or deny that the ladder allegedly used by KEVIN GLORIA collapsed from under him causing him to call to the ground.

TRICAM denies the allegation that Defendants, and each of them, negligently and carelessly manufactured, sold and inspected, distributed said ladder. As to the allegation that Defendants manufactured, sold, inspected, and distributed the ladder, TRICAM lacks information sufficient to enable it to admit or deny said allegations and on that basis denies the allegations.

Defendant denies responsibility for the injuries and damages suffered by Plaintiff.

## SECOND CAUSE OF ACTION
## PRODUCTS LIABILITY

8. In response to the allegations in the Second Cause of Action of the Complaint for Products Liability, Paragraph Prod.L-1, TRICAM lacks information or belief sufficient to enable it to admit or deny that Plaintiff was injured by a ladder purchased at the HOME DEPOT and manufactured by TRICAM, model number unknown, and on that basis denies said allegations.

9. In response to the allegations in the Second Cause of Action of the Complaint for Products Liability, Paragraph Prod.L-2, TRICAM denies that it knew the product would be purchased and used without inspection for defects. TRICAM further denies that the product was defective when it left the control of each Defendant. As to the allegation that at the time of the injury the product was being used in the manner intended by the Defendants, TRICAM lacks information or belief sufficient to enable it to admit or deny these allegations and on that basis denies said allegations.

10. In response to the allegations in the Second Cause of Action of the Complaint for Products Liability, Paragraph Prod.L-3, TRICAM lacks information or belief sufficient to enable it to admit or deny that Plaintiff was the user of the product.

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

11. In response to the allegations in the Second Cause of Action of the Complaint for Products Liability, Paragraph Prod.L-4(a), TRICAM denies that Plaintiff's injuries were legally (proximately) caused as a result of strict liability due to the manufacturing or assembly of the product by TRICAM. As to the allegation that TRICAM manufactured or assembled the product, TRICAM lacks information or belief sufficient to enable it to admit or deny the allegation and on that basis denies the allegation.

12. In response to the allegations in the Second Cause of Action of the Complaint for Products Liability, Paragraph Prod.L-4(b), TRICAM denies that Plaintiff's injuries were legally (proximately) caused as a result of strict liability due to the designed and manufactured component parts supplied to the manufacturer TRICAM. As to the allegation that designed and assembled component parts were supplied to TRICAM, TRICAM lacks information or belief sufficient to enable it to admit or deny the allegation and on that basis denies the allegation.

13. In response to the allegations in the Second Cause of Action of the Complaint for Products Liability, Paragraph Prod.L-4(c), TRICAM denies that Plaintiff's injuries were legally (proximately) caused as a result of strict liability due to the sale of the product to the public by TRICAM and HOME DEPOT. As to the allegation that the product was sold to the public by TRICAM and HOME DEPOT, TRICAM lacks information or belief sufficient to enable it to admit or deny the allegation and on that basis denies the allegation.

14. In response to the allegations in the Second Cause of Action of the Complaint for Products Liability, Paragraph Prod.L-5, TRICAM denies that TRICAM and HOME DEPOT were negligent to Plaintiff as a result of any duties Complained of in this Second Cause of Action.

15. In response to the allegations in the Second Cause of Action of the Complaint for Products Liability, Paragraph Prod.L-6, TRICAM denies that TRICAM and HOME DEPOT, INC. breached an implied warranty to Plaintiff.

16. In response to the allegations in the Second Cause of Action of the Complaint for Products Liability, Paragraph Prod.L-7, TRICAM denies that Defendants are liable to Plaintiff for other reasons, including the allegations that Defendants, and each of them are responsible in some manner for the events and happenings to and caused injury and damages proximately thereby to

Jenkins Goodman Neuman & Hamilton LLP
417 Montgomery St.
10th Floor
San Francisco, CA 94104
(415) 705-0400

-4-

TRICAM'S ANSWER TO COMPLAINT

Plaintiff as alleged herein. As to any factual allegations in Paragraph Prod.L-7, TRICAM lacks information or belief sufficient to enable it to admit or deny the allegations and on that basis denies said allegations.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Contributory Negligence)**

As a separate and distinct affirmative defense to the Complaint, this answering Defendant alleges that Plaintiff was himself careless and negligent in and about the matters alleged in the complaint, and that this carelessness and negligence on Plaintiff's own part contributed as a proximate cause to the happening of the incident and to the injuries, loss and damage complained of, and any recovery by Plaintiff should be reduced or eliminated based upon comparative fault.

### SECOND AFFIRMATIVE DEFENSE

**(Fault of Others)**

As a separate and distinct affirmative defense to the Complaint, this answering Defendant alleges that the sole proximate cause of the injuries and damages, if any, allegedly suffered by the Plaintiff was the negligence and fault of persons or entities other than this answering Defendant, for whose acts or omissions this answering Defendant is not legally or otherwise responsible.

### THIRD AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

As a separate and distinct affirmative defense to the Complaint, this answering Defendant alleges that the complaint fails to state facts sufficient to constitute a cause of action against this answering Defendant.

### FOURTH AFFIRMATIVE DEFENSE

**(Failure to Mitigate)**

As a separate and distinct affirmative defense to the Complaint, this answering Defendant alleges that at all times and places mentioned in the Complaint, Plaintiff failed to mitigate his damages. The damages claimed by Plaintiff could have been mitigated by due diligence on his part or by one acting under similar circumstances. Any recovery by Plaintiff should be reduced or

Jenkins Goodman Neuman & Hamilton LLP
417 Montgomery St.
10th Floor
San Francisco, CA 94104
(415) 705-0400

eliminated due to his failure to mitigate damages.

## FIFTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

As a separate and distinct affirmative defense to the Complaint, this answering Defendant alleges that Plaintiff had full knowledge of all the risks, dangerousness and hazards, if any there were, and nevertheless voluntarily and with full appreciation of the amount of danger involved in his actions and the magnitude of risk involved, assumed the risk of damages to himself.

## SIXTH AFFIRMATIVE DEFENSE

### (Causation)

As a separate and distinct affirmative defense to the Complaint, this answering Defendant alleges that its conduct was not the cause in fact or the proximate cause of any of the losses alleged by Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

As a separate and distinct affirmative defense to the Complaint, this answering Defendant alleges that Plaintiff's complaint is barred by the applicable statute of limitations, including, but not limited to California Code of Civil Procedure §340, *et seq.*

## EIGHTH AFFIRMATIVE DEFENSE

### (Trivial Defect Doctrine)

As a separate and distinct affirmative defense to the Complaint, this answering Defendant alleges that any dangerous or defective condition which may have existed, if any did exist, was a trivial defect as a matter of law, and that this action is therefore barred and Defendants can have no liability based on the trivial defect defense.

## NINTH AFFIRMATIVE DEFENSE

### (Open and Obvious Danger)

As a separate and distinct affirmative defense to the Complaint, this answering Defendant alleges that the damages complained of in the complaint were caused by an open an obvious condition of the area where the incident is alleged to have occurred.

Jenkins Goodman Neuman & Hamilton LLP
417 Montgomery St.
10th Floor
San Francisco, CA 94104
(415) 705-0400

### TENTH AFFIRMATIVE DEFENSE

(Misuse)

As a separate and distinct affirmative defense to the Complaint, this answering Defendant alleges that if the product referred to in the Complaint was defective in any respect, such defect was proximately caused by alterations, improper maintenance and misuse of said product by Plaintiff or by similar conduct of their agents, employees, partners or joint venturers, or by similar such conduct by the owners, operators, users or possessors of said product.

### ELEVENTH AFFIRMATIVE DEFENSE

(Warnings)

As a separate and distinct affirmative defense to the Complaint, this answering Defendant alleges that to the extent this answering Defendant placed warning(s) on its product, such warnings are sufficient grounds for denial or relief.

### TWELFTH AFFIRMATIVE DEFENSE

(Design/Manufacture)

As a separate and distinct affirmative defense to the Complaint, this answering Defendant alleges that if the product mentioned in the Complaint was designed and/or manufactured by this answering party, that the product conformed in all respects to the state of the art at the time it was designed and manufactured and, as a result, the existing parties, and any future parties to this case, are barred from recovering against this answering party.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Consumer Expectation)

As a separate and distinct affirmative defense to the Complaint, this answering Defendant alleges that the product(s) that forms the basis for the Complaint, performed safely and sufficiently to the extent an ordinary consumer would reasonably expect when used in an intended or reasonably foreseeable manner.

### FOURTEENTH AFFIRMATIVE DEFENSE

(Intervening/Superseding Causes)

As a separate and distinct affirmative defense to the Complaint, this answering Defendant

Jenkins Goodman Neuman & Hamilton LLP
417 Montgomery St.
10th Floor
San Francisco, CA 94104
(415) 705-0400

alleges the damages, injuries, and losses alleged in the Complaint were caused in whole or in part by superseding and/or intervening acts, conduct or causes sufficient to remove liability from the answering party, if any there is.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Benefit of Design Outweighs Risk)

As a separate and distinct affirmative defense to the Complaint, this answering Defendant alleges that if the trier of fact determines that a risk is inherent in a chosen design of the product at issue in the Complaint, then such risk is outweighed by the benefits of the chosen design.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Alteration and/or Other Instrumentality)

As a separate and distinct affirmative defense to the Complaint, this answering Defendant alleges that the amount of damages for which this answering Defendant is liable, if any, is limited to the extent that Plaintiffs' injuries, if any, were enhanced or worsened by an act, omission or instrumentality of a party other than this answering Defendant or by a product manufactured or altered by a party other than this answering Defendant.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Adequate Instructions/Warnings)

As a separate and distinct affirmative defense to the Complaint, this answering Defendant alleges that the product was accompanied by adequate instruction and/or warnings, such that any and all injuries, losses and damages to Plaintiff, in any there were, occurred resulting from a failure to follow instructions for said product's use by Plaintiff or other person, firm, corporation, or entity, such that the product was used in an unforeseeable manner, thereby barring Plaintiff from recovery herein.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Unforeseeable Risk)

As a separate and distinct affirmative defense to the Complaint, this answering Defendant alleges that there existed no foreseeable risk to Plaintiff, thereby barring Plaintiff from recovery herein.

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

### NINETEENTH AFFIRMATIVE DEFENSE

(Federal Preemption)

As a separate and distinct affirmative defense to the Complaint, this answering Defendant alleges that the standards and regulations for the manufacture and/or distribution of the product that forms the basis of the Complaint is governed by Federal regulations, and therefore bars any State claim by preemption.

### TWENTIETH AFFIRMATIVE DEFENSE

(Warranty Runs to Purchaser Only)

As a separate and distinct affirmative defense to the Complaint, this answering Defendant alleges that the implied warranties, if any, referred to in the Complaint, run only to the original purchaser of the product and not to any subsequent purchaser.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(Joinder of Parties)

As a separate and distinct affirmative defense to the Complaint, this answering Defendant alleges that Defendant hereby reserves right to seek joinder of any and all necessary additional parties so as to avoid any split causes of action, as well as a trial of this case that may be duplicative of judicial and defense resources.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(Unknown Affirmative Defenses)

Defendant is informed and believes, and thereupon alleges that Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. Defendant reserves herein the right to assert additional defenses in the event discovery indicates that they would be appropriate.

### **DEMAND FOR JURY TRIAL**

Pursuant to FRCP 48, Defendant requests a jury of 12 members.

### **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays:

1. Plaintiff take nothing against it by way of the Complaint;

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

2. Defendant have judgment for its costs of suit; and

3. Such other and further relief as the Court deems just and proper.

DATED: April 17, 2008

JENKINS GOODMAN NEUMAN & HAMILTON LLP

By: _____
JOSHUA S. GOODMAN
ZACHARY S. TOLSON
Attorneys for Defendant
HOME DEPOT U.S.A., INC.

f:\docs\jsg\gloria, kevin v. hd, tricam\pleadings\answer(tricam).final 4-17.doc

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400