JOSHUA S. GOODMAN, ESQ. - State Bar #116576
ZACHARY S. TOLSON, ESQ. - State Bar #242824
JENKINS GOODMAN NEUMAN & HAMILTON LLP
417 Montgomery Street, 10th Floor
San Francisco, California  94104
Telephone:  (415) 705-0400
Facsimile:  (415) 705-0411

Attorneys for Defendant
HOME DEPOT U.S.A., INC. and
TRICAM INDUSTRIES, INC.

UNITED STATE DISTRICT COURT FOR

THE NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| KEVIN GLORIA,<br><br>                 Plaintiff,<br><br>vs.<br><br>HOME DEPOT, INC., TRICAM INDUSTRIES, et al.<br><br>                 Defendants. | Civil Action No. C 08-01672 RS<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:   July 16, 2008<br>Time:   2:30 p.m.<br>Place:  Courtroom 4, Fifth Floor<br>Judge:  The Honorable Richard Seeborg |
|---|---|

### JOINT CASE MANAGEMENT STATEMENT

Pursuant to Federal Rules of Civil Procedure 26(f) and Local Rules 16-9 and 16-10, the parties, Defendants HOME DEPOT U.S.A., INC. ("Home Depot") and TRICAM INDUSTRIES, INC. (erroneously sued herein as TRICAM INDUSTRIES) ("Tricam"), and Plaintiff KEVIN GLORIA hereby jointly submit the following status report:

**1.     Jurisdiction and Service of Process**

TRICAM and HOME DEPOT, INC. are the sole named defendants in a civil action pending against it in Santa Clara Superior Court, entitled *Kevin Gloria v. Home Depot, Inc., Tricam Industries, and Does 1-100,* Case No. 108CV103424.  TRICAM and HOME DEPOT were both served with the Complaint on March 18, 2008.  Immediately following the filing of this Notice of Removal of Action, written notice of this filing was served on Plaintiff and was filed with the Clerk of the Superior Court for the County of Santa Clara, in accordance with 28 U.S.C. §

1446(d). This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332. This case was removed to this Court by TRICAM and HOME DEPOT pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a case that could have been commenced in federal court based on diversity of citizenship. Both at the time that this action was commenced and at this time, Plaintiff was and is a citizen of California. Both at the time that this action was commenced and at this time, TRICAM was and is a Minnesota corporation and has its principal place of business in Minnesota. Both at the time that this action was commenced and at this time, HOME DEPOT is incorporated in Delaware and has its principal place of business in Georgia. "For purposes of removal…the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. §1441(a).

The Superior Court action was served on TRICAM on March 18, 2007, along with a Statement of Damages to TRICAM in the amount $1,000,000.00, plus "unknown" damages for medical expenses, future medical expenses, loss of earnings, and loss of earning capacity, at which time it was ascertained that the amount in controversy exceeds $75,000. A true and correct copy of said Statement of Damages to TRICAM. Therefore the matter was removed pursuant to 28 U.S.C. Section 1446(b).

The Superior Court action was served on HOME DEPOT on March 18, 2007, along with a Statement of Damages to HOME DEPOT in the amount $1,000,000.00, plus "unknown" damages for medical expenses, future medical expenses, loss of earnings, and loss of earning capacity, at which time it was ascertained that the amount in controversy exceeds $75,000. A true and correct copy of said Statement of Damages to HOME DEPOT. Therefore the matter was removed pursuant to 28 U.S.C. Section 1446(b).

### 2. Facts

On or about September 1, 2006, Plaintiff claims to have fallen approximately 10-15 feet off of a ladder while in the course and scope of his employment. The ladder was allegedly designed and manufactured by Tricam and sold by Home Depot. Plaintiff claims causes of action

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

for products liability (including strict liability and breach of warranty) and general negligence. The primary factual issues in the case will be whether the ladder at issue was unreasonably dangerous, whether that condition was a proximate cause of Plaintiff's fall, whether the ladder at issue was purchased from Home Depot, whether there was misuse or comparative fault, and the nature and extent of Plaintiff's injuries, including residual and subsequent damages.

**3. Legal Issues**

The primary legal issues in this case, or mixed questions of fact and law, will be whether any defendant breached any duties, and/or if the subject ladder was defective, and whether any defect in the subject ladder caused Plaintiff's injuries, and to what extent, if any Defendants are liable for Plaintiff's damages.

**4. Motions**

No pending motions. Possible Motion to Bifurcate.

**5. Amendment of the Pleadings**

It is possible that new parties may be discovered through the investigation of the alleged defective ladder, which persons may have contributed to the ladder's alleged failure, or were in some way involved or responsible for said alleged failures, or contributed in some way to Plaintiff's injuries. Accordingly, the existing parties may want to join these new parties, if any there are, within reasonable time after their discovery.

**6. Evidence Preservation**

Defendants are unaware of the location or status of the ladder at issue, but assume it, along with the other ladders used by Plaintiff's employer, will be made available for inspection. Accordingly, the parties to this claim, by and through their respective attorneys, hereby enter into the following stipulation regarding the preservation of evidence:

1. No party shall directly or indirectly destroy, tamper, alter, modify, clean or change the nature or character or appearance of the ladder involved in this claim in any way without express order of the Court or by written agreement of the parties.

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St
10th Floor
San Francisco, CA
94104
(415) 705-0400

-3-

JOINT CASE MANAGEMENT STATEMENT

2. No party shall directly subject the ladder involved in this claim to any destructive testing or any other act which might alter or modify the nature or character of said ladder without express order of the Court or by written agreement of the parties.

3. This Stipulation shall apply to the parties, their attorneys, experts, consultants and any other agents. The parties and/or their attorneys shall be responsible for informing their experts, consultants and any other agents of the contents of the stipulation herein.

4. This Stipulation shall have the effect of a protective order entered by the Court and shall be enforceable in any lawsuit implemented by and between the parties.

7. **Initial Disclosures**

Initial disclosure shall be made by July 9, 2008.

8. **Discovery (per FRCP 26(f))**

Discovery Status: Plaintiff's counsel has agreed to let Defense counsel's expert inspect the ladder, 4 similar ladders, and the accident site at a mutually agreeable time, and it has been noticed for August 29, 2008. Home Depot has propounded Interrogatories and Requests for Production, and Plaintiff's deposition has been noticed for September 4, 2008.

Anticipated Discovery: Discovery is needed on the nature and extent of Plaintiff's alleged injuries, including medical and billing records related to this, and any other related past injuries, and his conduct on the day of the incident. To obtain the above-referenced information the following discovery may be needed: Deposition of Plaintiff, deposition of Plaintiff's medical providers, independent medical examination of Plaintiff, deposition of persons most qualified, interrogatories, requests for production, requests for admission, depositions of Home Depot and/or Tricam employees. Plaintiff will propound written discovery and reserves the right to depose the PMK of one or both Defendants as discovery progresses.

Proposed Discovery Plan: Written discovery and records subpoenas completed by October ____, 2008. Depositions and cleanup discovery completed by March ____, 2009. Plaintiff has agreed to produce their expert reports/disclosure 45 days before Home Depot and Tricam. Defendants propose a stipulated protective order be entered in to by the parties and approved by

Jenkins Goodman Neuman & Hamilton LLP
417 Montgomery St.
10th Floor
San Francisco, CA 94104
(415) 705-0400

-4-

JOINT CASE MANAGEMENT STATEMENT

the court prior to any document production. No other modifications or limitations are suggested at this time.

    <u>Stipulated Protective Order</u>: The Parties shall agree to a Stipulated Protective Order prior to the production of any Documents.

**9.  Class Actions**

Not applicable.

**10. Related Cases**

Unknown.

**11. Relief**

Mr. Gloria seeks relief for medical payments and pain and suffering. Mr. Gloria has (1) an outstanding lien for worker's compensation that is estimated to be in excess of $75,000.00; (2) pain and suffering at $500,000.00; and (3) future medical expenses and wage loss to be determined according to proof. Defendants have not filed a counterclaim.

**12. Settlement and ADR**

The Parties are amenable to having a United States Magistrate Judge assigned to this case for the limited purpose of conducting a Settlement Conference. At this time, the Parties have met and conferred and are unable to agree upon an ADR process and would like to wait until Plaintiff's deposition has been taken before agreeing to any form of ADR.

**13. Consent to Magistrate Judge for All Purposes**

The Parties do <u>not</u> consent to a United States Magistrate presiding over a trial of this action. The Parties request that the District Judge assigned to this case serve as the trial judge for this case. The Parties have requested a jury trial before the District Judge.

**14. Other References**

The Parties do not agree to binding arbitration. No special master or Judicial Panel on Multidistrict Litigation is necessary.

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St
10th Floor
San Francisco, CA
94104
(415) 705-0400

**15. Narrowing of Issues**

None at this time.

**16. Expedited Schedule**

Not applicable.

**17. Scheduling (Proposed)**

Initial Disclosures: July 9, 2008.

Designation of Plaintiff Experts and FRCP 26(a)(2)(b) reports: September 19, 2008.

Designation of Defendants Experts and FRCP 26(a)(2)(b) reports: November 3, 2008.

Discovery cutoff: March ____, 2009.

Dispositive Motions: April ____, 2009.

Pre-trial Conference: April ____, 2009.

Trial: June ____, 2009.

**18. Trial**

Jury trial requested. A jury of 12 members is requested by Home Depot and Tricam. Defendants estimate a total trial length of 4 to 5 trial days. Plaintiff anticipates an 8 to 10 day trial.

**19. Disclosure of Non-Party Interested Entities or Persons**

Aside from those already noted in the removal process, there are none known at this time.

//
//
//
//
//
//
//
//

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

**20.     Miscellaneous**

It would be conducive to the just and expeditious disposition of the case if Plaintiff would execute a waiver of notice requirement so as to decrease the time necessary for receiving records and billing documents from subpoenas.

DATED:  June 24, 2008                    JENKINS GOODMAN NEUMAN
                                         & HAMILTON LLP


                                         By:   /s/
                                            JOSHUA S. GOODMAN
                                            ZACHARY S. TOLSON
                                            Attorneys for Defendants
                                            TRICAM INDUSTRIES, INC. and
                                            HOME DEPOT U.S.A., INC.


DATED:  June 24, 2008                    DAVID ALLEN & ASSOCIATES


                                         By:   /s/
                                            MATTHEW C. SCHUMACHER
                                            Attorneys for Plaintiff
                                            KEVIN GLORIA

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St
10th Floor
San Francisco, CA
94104
(415) 705-0400

-7-
JOINT CASE MANAGEMENT STATEMENT